**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tehra HANON, Defendant–Appellant.**

No. 00–30126.

D.C. No. CR–99–00131–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.[*]

Decided Feb. 14, 2001.

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM [**]

Tehra Hanon appeals her conviction for violations of 36 C.F.R. § 2.32(a)(1), 36

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

C.F.R. § 2.32(a)(2), and 36 C.F.R. § 4.2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

■ The district court correctly determined that the citations did not violate Hanon's Sixth Amendment rights by failing to inform her of the nature and cause of the charges. "A defendant can be adequately notified of the nature and cause of the accusation against him by means other than the charging document." *Calderon v. Prunty*, 59 F.3d 1005, 1009 (9th Cir.1995). *See also Morrison v. Estelle*, 981 F.2d 425, 427 (9th Cir.1992); *Sheppard v. Rees*, 909 F.2d 1234, 1236 n. 2 (9th Cir.1989). Here, the defendant was put on notice of the factual allegations supporting the citations well before trial. Thus, she was able to prepare her defense without being prejudiced or surprised at trial as to the allegations or theories against her. Her Sixth Amendment rights were not infringed.

### II

■ The district court also did not err in determining that the investigatory stop and administration of the field sobriety tests was based on reasonable suspicion. "Reasonable suspicion" means "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *United States v. Garcia–Camacho*, 53 F.3d 244, 246 (9th Cir.1995).

In this case, officers approached Hanon because she was parked in a "No Camping" parking lot in a vehicle covered with blankets. The Ranger investigating the potential camping violation saw Hanon exit her car in a fumbling manner and walk in a slow, staggering and swaying manner. He noted that she appeared disconnected; that her pupils did not respond to light and that her eyelids were droopy. She consented to three field sobriety tests. She exhibited four of the six signs for a positive horizontal gaze nystagmus test; three of eight signs on the "nine step walk and turn" test, and had various problems with the "one legged stand" test. Before the Ranger could administer a blood alcohol test, she got into her car, yelled an expletive and drove away. The district court did not err in determining that reasonable suspicion existed for the officers to approach Hanon, to conduct field sobriety tests and to stop her when she fled the scene.

AFFIRMED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.